IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS J. DRENNAN, JR.,**

        Petitioner,

    v.                             CASE NO.  15-3033-SAC-DJW

**REX PRYOR, et al.,**

        Respondents.

### MEMORANDUM AND ORDER

On February 2, 2016, United States Magistrate Judge David J. Waxse entered a Notice and Order to Show Cause (NOSC) that required petitioner to show good cause to the undersigned Judge why this action should not be dismissed as time-barred. This matter is before the court upon petitioner's Response to Order Show Cause (Doc. 7). The court has reviewed the Petition, petitioner's exhibits and other filings, the Response and the relevant legal authority together with the findings and rulings of Judge Waxse in the NOSC. The court agrees with the NOSC in its entirety, including the legal standards, facts, calculations, dates, and reasoning set forth therein.

**PETITION WAS NOT TIMELY FILED**

The NOSC correctly informed petitioner that the federal habeas court may not consider any of the grounds raised if the federal application was not timely filed. It appears from petitioner's filings and the procedural history fully set forth in the NOSC that

1

the statute of limitations expired before petitioner filed this federal habeas corpus petition. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1) and the NOSC as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

*Id.* Generally, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244 expressly provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

The facts relevant to the timeliness issue are summarized as follows. Petitioner's conviction became "final" on April 10, 2005. The statute of limitations began to run on the following day and ran without interruption for 253 days. On December 19, 2005, Mr. Joseph, retained counsel, filed Mr. Drennan's first state post-conviction motion under K.S.A. 60-1507. The motion was denied, and counsel appealed to the Kansas Court of Appeals (KCA). The KCA affirmed on October 29, 2010. Petitioner had thirty days to file a Petition for Review in the Kansas Supreme Court. Pursuant to § 2244(d)(2), the

2

statute of limitations was tolled as long as these state post-conviction proceedings remained pending. Petitioner received a letter from Mr. Joseph dated November 1, 2010, advising that counsel had received the KCA's opinion on that date. See Response (Doc. 7) at pg. 73. Petitioner was provided a copy of the opinion. Counsel further advised petitioner in that letter as follows:

> There are only two remaining avenues for relief. First, you could ask the Kansas Supreme Court to review the decision of the court of appeals. I believe it is extremely unlikely the supreme court will take the case. Second, you can ask the United States District Court for the District of Kansas to take the case and set aside your conviction. Once again, there is no realistic change (sic) the federal court would do that.
>
> I believe this opinion is the end of the road for any court action to help you.

Id. Neither Mr. Joseph nor petitioner filed a timely Petition for Review. Consequently, on November 30, 2010, the federal statute of limitations began to run again and ran without interruption until it expired 112 days later on March 22, 2011.[1] Petitioner was therefore correctly ordered in the NOSC to demonstrate his entitlement to equitable tolling or suffer dismissal of this action.

**PETITIONER FAILS TO SHOW ENTITLEMENT TO EQUITABLE TOLLING**

The court agrees with the finding in the NOSC that petitioner's response to the timeliness question on his form petition did not

---

[1] As found in the NOSC, petitioner's second 60-1507 motion filed on October 20, 2011, had no tolling effect because the limitations period expired 7 months earlier.

3

demonstrate his entitlement to equitable tolling. Petitioner baldly asserted that the court must review the merits of his petition to prevent manifest injustice that allegedly resulted from the inadequate performance of all his counsel. Such conclusory allegations are clearly not sufficient to demonstrate manifest injustice. Claims of inadequate counsel, like other habeas corpus claims, are barred if the federal petition was not timely filed.

Petitioner attempts to show equitable tolling in his Response by making the following allegations. Attorney Joseph failed to "hint" in his November 1, 2010 letter that petitioner was facing "a critical procedural threshold" and to definitively state that he would withdraw as counsel. Petitioner and his mother were unable to reach Joseph over the holidays. Over the course of one month, petitioner had only three opportunities to access the Maximum Law Library, and resources were limited. By March 2011, petitioner "understood that he was required to exhaust his state remedies before seeking (federal) habeas corpus relief" but was confused as to whether or not he was time-barred in federal court. He was also confused "regarding Joseph's intent to prosecute or not." Petitioner exhibits a letter to Mr. Joseph that he drafted on March 20, 2011, in which he recounted that shortly after he received the KCA opinion, his

> mom divulged that she had spoken to you by phone, and that
> you had expressed an unwillingness to pursue the case

> further, much as you presented to me within the letter I
> received along with the opinion.

*Id.* (Doc. 7) at pg. 80.  Petitioner also acknowledged in this letter that Joseph "might not be willing to file a petition for review in (his) case."  Petitioner further wrote that after his own research he believed that he "must file a petition for review with the Kansas Supreme Court in order to preserve the issues raised in the 60-1507 motion" for federal review and avoid procedural default, but was "somewhat unclear" on the time requirements for filing a Petition for Review.  He asked Joseph to "clear this up" and "point him in the right direction" to proceed with his appeal.  Petitioner's contemporaneous letters indicate his awareness that Mr. Joseph was not planning to file a Petition for Review.  On April 20, 2011, petitioner received a response from Joseph that the time for filing a petition for review "has long since passed."[2]  *Id.* at 81.  Petitioner does not allege that he ever instructed Mr. Joseph to file a Petition for Review.  Nor does he demonstrate that he asked Joseph

---

[2]    In this letter, Joseph also advised petitioner of the one-year time limit for filing a 2254 petition and that it ran "from when the decision in the State Court became final."  However, Joseph incorrectly advised petitioner that "the decision on (his) appeal" became final a few days after October 29, 2010, which was the date the KCA filed its opinion on petitioner's collateral appeal.  <u>Id.</u>  In actuality, petitioner's conviction became "final" years earlier, 90 days after the KSC filed its opinion on petitioner's direct appeal.  Petitioner contends that Joseph's reckless misrepresentation as to the days remaining in which to file a timely 2254 petition placed his "day in federal court" in "serious peril."  Petitioner can hardly show prejudice however, since he received this letter containing counsel's advice, after the federal statute of limitations had already expired the month before.

in a timely manner to provide deadline information for either a Petition for Review or a federal habeas petition. Petitioner apparently made no attempt to file his own Petition for Review. Given these facts, retained counsel's failure to file a Petition for Review was not extraordinary. Likewise, counsel's failure to inform petitioner of the deadline for filing a Petition for Review is at most ordinary or "garden-variety" attorney negligence and is not shown to be an extraordinary circumstance beyond petitioner's control that warrants equitable tolling. See *Holland v. Florida*, 560 U.S. 631, 651 (2010).[3]

Petitioner complains regarding retained counsel's actions during the years that his first state post-conviction proceedings were pending. These allegations do not entitle him to equitable tolling since he received the benefit of statutory tolling throughout these proceedings. Petitioner intimates that his retained counsel spent much of the first 253 days of the federal statute of limitations preparing petitioner's post-conviction motion, but does not allege facts showing that this was extraordinary so that equitable tolling is warranted. Petitioner's lament that he trusted Mr. Joseph to

---

[3] Petitioner's reliance on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) is misplaced. Kansas does not have the same law as Indiana that collateral proceedings are the first place to raise ineffective assistance of trial counsel claims. Furthermore, the circumstances alleged by petitioner with regard to his collateral appeal attorney are not the same as those that allowed the petitioner in *Martinez* to use ineffective assistance of his collateral appeal counsel to establish cause for a procedural default.

completely exhaust state court remedies is similarly conclusory and insufficient to show that circumstances beyond petitioner's control prevented him from filing a timely federal habeas petition.[4]

None of the facts alleged by petitioner show that an adversary's conduct or other uncontrollable circumstances prevented him from timely filing this federal petition, or that he actively pursued judicial remedies but filed a defective pleading during the statutory period. See *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808. Petitioner alleges no facts indicating that he is actually innocent. Petitioner was correctly informed in the NOSC that ignorance of the law, and of the federal statute of limitations in particular, is all too common and is not an extraordinary circumstance entitling him to equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.")(quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Petitioner did not request timely advice from counsel or the state courts as to the deadline for filing a Petition for Review and did not receive erroneous advice regarding that deadline. Even if

---

[4] Petitioner alleges in his Response only that he trusted his retained counsel, Mr. Joseph, to exhaust all state remedies while preserving petitioner's federal habeas corpus remedy. He further alleges that he worked in a private industry assignment for "many, many months of 6 days a week, 10 hour shifts, with mandatory attendance," which cut down on his communication with his mother who was also in touch with his counsel.

petitioner could show that he received erroneous legal advice from his retained collateral appeal counsel as to the deadline for filing a Petition for Review or the federal statute of limitations, such garden variety erroneous advice simply does not qualify as an extraordinary circumstance that justifies equitable tolling. In sum, petitioner failed to file his federal habeas corpus petition within the one-year statute of limitations and has failed to allege facts sufficient to demonstrate his entitlement to equitable tolling for any of the days that the limitations period ran in this case. Accordingly, the court dismisses this action as time barred.

**PETITION IS MIXED**

The court notes that even if this petition could not be dismissed as time-barred, it is mixed and could be dismissed, without prejudice, on that basis because it includes an issue that is presently being considered in a pending state-court post-conviction appeal.[5] This court takes judicial notice of the Kansas Appellate Courts on-line docket, which indicates that *Drennan v. State of Kansas*, App. Case No. 114395 (a collateral appeal of Sedgwick County D.Ct. Case No. 14CV1468) is presently pending in the Kansas Court of Appeals. Petitioner was appointed counsel in that matter on December 15, 2015, and Appellant brief is due April 25, 2016. It has long been established that a § 2254 petition containing federal

---

[5]    See 28 U.S.C. § 2254(b)(1), (c); *Duckworth v. Serrano*, 454 U.S. 1,3 (1981).

claims that have not been exhausted in state court must be dismissed. *See Rose*, 455 U.S. at 513-20.  It is the petitioner's burden to prove that he fully exhausted all state court remedies prior to filing his federal petition.  Any claim currently pending before a state court has not been exhausted.  Petitioner has not presented facts showing his entitlement to a stay.  In any event, as indicated in the NOSC, the grant of a stay would not allow petitioner to avoid the time bar given that the federal statute of limitations expired before this application was filed.

**PENDING MOTION**

Petitioner filed a Motion for Extension of Time to File Reply to the NOSC (Doc. 6).  The court has considered this motion and denies it as moot because two weeks later, petitioner filed his 82-page "Response to Order to Show Cause" (Doc. 7).  The court has fully considered petitioner's Response.

**CERTIFICATION OF APPEALABILITY DENIED**

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues

satisfy [that] showing." A petitioner can satisfy this standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Extension of Time (Doc. 6) is granted to and including March 4, 2016, and the Response was timely filed.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

10

**IT IS SO ORDERED.**

Dated this 13th day of April, 2016, at Topeka, Kansas.

                                        **s/Sam A. Crow**
                                        **U. S. Senior District Judge**